# UNITED STATES DISTRICT COURT

### for the

### Middle District of Tennessee

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   ~~22-mj-1020~~   22-mj-1033 |
| Daniel Silva a/k/a "Daniel Kelter" | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____February 11, 2022_____ in the county of _____Davidson_____ in the _____Middle_____ District of _____Tennessee_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 875(c) | Threats in Interstate Commerce |

This criminal complaint is based on these facts:

See FBI SA Tracy Gordon's attached statement in support of criminal complaint.

☑ Continued on the attached sheet.

_____
/s/ Tracy Gordon
*Complainant's signature*

_____
FBI SA Tracy Gordon
*Printed name and title*

Sworn to me remotely by telephone, in compliance with
Fed. R. Crim. P. 4.1.

Date: _____02/13/2022_____

_____
*Judge's signature*

City and state: _____Nashville, Tennessee_____

_____
Barbara D. Holmes, U.S. Magistrate Judge
*Printed name and title*

## STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, Tracy Gordon, a Special Agent with the Federal Bureau of Investigation (FBI), being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since August 2020.  I am currently assigned to the FBI Memphis Division, Nashville Resident Agency's Violent Crime Gang Task Force and investigate federal crimes within the Middle District of Tennessee, to include statutes involving making threats in interstate commerce and cyberstalking under Title 18, United States Code, Section 875(c) and 2261(A). In connection with such investigations, as a federal agent, I am authorized to investigate and assist in the prosecution of violations of laws of the United States, and to execute search warrants and arrest warrants issued by federal and state courts. As a result of my assignments, I have also developed familiarity with statutes prohibiting the making of threats in interstate commerce, in violation of 18 U.S.C. § 875(c), and cyber stalking, in violation of 18 U.S.C. § 2261A(2)(B).

2.      This affidavit is submitted in support of a Criminal Complaint and arrest warrant for **Daniel Silva a/k/a Daniel Kelter ("SILVA")** for making threats in interstate commerce, in violation of Title 18, United States Code, Section 875(c).

3.      The facts in this affidavit are based on first-hand knowledge, my training and experience, information learned during this investigation from other law enforcement officers, victim(s), suspect(s), and/or witness(es). I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with other law enforcement officers and agencies, and from my review of emails and records relating to the investigation. This

affidavit is intended to show merely that there is sufficient probable cause for the arrest of **SILVA** for violating 18 U.S.C. § 875(c) and does not set forth all of my knowledge about this matter.

4.    In 2017, **SILVA** began harassing VICTIM 1[1] and her representatives by, among other things, filing multiple frivolous lawsuits in another state.  **SILVA** also began sending multiple harassing emails to VICTIM 1's representatives. Several of VICTIM 1's representatives are based in Nashville, Tennessee, which is where the harassing communications were received. Nashville, Tennessee is within the Middle District of Tennessee.

5.    In 2018, **SILVA** told VICTIM 1's representatives that he would be travelling to Tennessee from his home in Florida, and he subsequently appeared at VICTIM 1's family's residence in Nashville, where he threw various items, including a cellular phone, onto the residence's property.

6.    In 2019 and 2020, **SILVA** filed additional lawsuits against VICTIM 1 in another state, and his harassing emails to VICTIM 1's representatives continued.  In April and May 2020, **SILVA** emailed VICTIM 1's representatives multiple times to convey that he would effectuate a "citizen's arrest" of VICTIM 1 in Nashville. On or about May 19, 2020, **SILVA** traveled to VICTIM 1's family's home in Nashville in possession of a bulletproof vest.  **SILVA** was arrested and removed from the property.

---

[1] In order to protect the victim's identity, this complaint does not identify the victim by name, instead substituting "VICTIM 1" where appropriate in the body of this complaint and for what appeared in the communication as the victim's name. Within this complaint where "VICTIM 1" appears within brackets, the actual name, or in some cases, a nickname, of the victim appeared in the referenced communication. "VICTIM 1" is a real person who is known to me. I can inform the court of "VICTIM 1's" identity *in camera* upon request.

2

7.     **SILVA** filed additional lawsuits against VICTIM 1 and continued sending harassing emails to her representatives throughout the rest of 2020 and 2021.

8.     In the early morning hours of February 11, 2022, **SILVA** sent numerous emails to VICTIM 1's representatives. A series of those emails conveyed threats to VICTIM 1 and her representatives. The first email in that series related in pertinent part that (language, punctuation and grammar as in original):

> [VICTIM 1]. committed false imprisonment when i was arrested at her property she will be spending the rest of her life in a room with 4 walls and no windows does anyone else want to join her, immediately move as far away as possible from [VICTIM 1] or suffer the same fate [VICTIM 1] is a Dead women walking.....

9.     **SILVA** then sent another email, this time stating that:

> ill be filing an affidavit of arrest for [VICTIM 1] with the 13th amendment lawsuit her career is officially over.

10.    **SILVA** then emailed VICTIM 1's representatives explaining that he would be traveling to VICTIM 1's family's home in Nashville the following day:

> im coming to nashville tomorrow to have all u arrested for your many crimes but first im going to [VICTIM 1's family's home].

11.    Minutes later, **SILVA** sent a fourth email explaining that he had hired bounty hunters to arrest all of them, including VICTIM 1:

> ive hired bounty hunters to bring you to a magistrate tomorrow i promised them  5 million dollars when all this is over, one word of advise they have very big guns so i wouldn't resist.

12.    **SILVA** sent a final email in which he warned VICTIM 1 not to run and stated that he had been "painstakingly plan[ning] this day for months."

3

13.      I have reviewed the above-referenced emails, and based on the emails' language and **SILVA's** history of traveling to VICTIM 1's family's residence in the Middle District of Tennessee, I believe that **SILVA** intended the messages as threats to VICTIM 1 and her representatives.

14.      Moreover, given that **SILVA** expressed an intent and willingness to inflict loss and harm on VICTIM 1 and her representatives through the above-referenced messages, I believe that a reasonable reader would construe **SILVA's** messages as conveying a threat of loss or harm. Moreover, based on the terms and ideas expressed by **SILVA**, I submit that there is probable cause to believe that **SILVA** transmitted the communication for the purpose of issuing a threat and with the knowledge that the communication would be viewed as a threat by the recipient.

15.      Finally, during the course of investigating this matter, I have confirmed that **SILVA's** messages to VICTIM 1 and her representatives were transmitted via email, which is an instrumentality of interstate or foreign commerce

16.      Based on the foregoing facts, I submit that there is probable cause to believe that on or about February 11, 2022, **Daniel SILVA a/k/a Daniel Kelter** did intentionally send threats in interstate commerce, in violation of 18, United States Code, Section 875(c).

4